IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THEOTIS LEE HODGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-200-Z-BR |
| | § | |
| D. ZIMMERMAN, et al., | § | |
| | § | |
| Defendants. | § | |

## AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS UNSERVED DEFENDANT

Plaintiff Theotis Lee Hodge ("Plaintiff") brings this civil rights action against several Defendants whom he claims were involved in an unconstitutional disciplinary process while he was incarcerated in the Clements Unit of the Texas Department of Criminal Justice. (ECF 3). Plaintiff has paid the filing fee. On June 29, 2023, the undersigned entered an Order directing Plaintiff to show cause as to why he had not either (1) moved for service upon the two Defendants not represented by the Attorney General of Texas, or (2) served them himself. (ECF 18). On July 28, 2023, Plaintiff filed a motion requesting service on these two Defendants by the United States Marshal. (ECF 21). Earlier that same day, the undersigned issued Findings, Conclusions, and a Recommendation (FRC) to dismiss Plaintiff's claims against the two unserved Defendants: Shelia Briscoe and Kim Massey. (ECF 19). The District Judge granted Plaintiff's motion requesting service and entered an order directing service by the United States Marshal on the Defendants at their last known addresses, as provided under seal by the Attorney General. (ECF 24; ECF 15). Service was returned unexecuted as to Shelia Briscoe on September 1, 2023. (ECF 27).[1] On

---

[1] Service was returned executed as to Kim Massey on September 18, 2023. (ECF 35).

September 1, 2023, the undersigned allowed Plaintiff an opportunity to provide the Court with an address for service on Defendant Briscoe. (ECF 28). For the following reasons, Plaintiff's claims against the lone unserved Defendant—Shelia Briscoe—should be dismissed from this action.

It is appropriate to dismiss a Defendant from a case when Plaintiff has failed to effectuate service within 120 days of filing the Complaint. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). This case exited the screening phase on February 7, 2023, with Plaintiff's payment of the filing fee. To date, Plaintiff still has not served Shelia Briscoe, despite the Court not only allowing the USMS to serve Defendant Briscoe on his behalf at her last known address, but also giving Plaintiff a chance to locate Defendant Briscoe himself.[2] Therefore, she should be dismissed from this action.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Defendant Sheila Briscoe be dismissed from this action, with prejudice, for want of prosecution.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on September 20, 2023.

*LEE ANN RENO*
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court on September 19, 2023 denied Plaintiff's motion to appoint counsel or an investigator for the purpose of obtaining an address for service on Briscoe. *See Daniel v. Harris Methodist*, No. MO-18-CV-0155-DC, 2018 WL 6262950, at *1 (W.D. Tex. Oct. 29. 2018) ("Generally speaking, the discovery of relevant facts and the marshaling of evidence in support of a civil claim is the responsibility of the parties. The Federal Rules of Civil Procedure govern discovery in federal cases and there is no statute authorizing the appointment of a pro-bono special investigator.") (internal citations and quotations omitted).

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).