IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THEOTIS LEE HODGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-200-Z-BR |
| | § | |
| D. ZIMMERMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY APPLICATIONS FOR TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION**

Before the Court is a Motion for an Order to Show Cause for a Preliminary Injunction (ECF 32) and Request for a Temporary Restraining Order (ECF 51) (collectively, the "Motions") filed by Plaintiff Theotis Lee Hodge. After considering the Motions, the Magistrate Judge recommends that both Motions be DENIED for the reasons set forth herein.

**Factual Background**

In October 2022, Plaintiff filed this Complaint *pro se* while a prisoner at the Allred Unit of the TDCJ. He alleges in his Amended Complaint that Defendants violated his constitutional rights by not following proper procedures in addressing a grievance he filed while incarcerated at the Clements Unit. The grievance is based on a disciplinary charge that Plaintiff contends is unfounded. He also states in his Amended Complaint that he seeks to assert a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") but does not allege any facts supporting this cause of action. In the Motions, Plaintiff seeks injunctive relief to prevent disclosure to third parties of the underlying disciplinary charge. He states that he is to be considered

1

for parole after 35 years, and he seeks to "prevent the defendants from disclosing an unconstitutional[ly] inadequate disciplinary charge, or its report to any party, especially[] to the Texas Board of Pardons and Paroles that will consider his parole options in October or late November 2023." (ECF 51).

## Legal Analysis

### A.    Standard for Injunctive Relief.

Plaintiff seeks a Temporary Restraining Order ("TRO") and a Preliminary Injunction preventing disclosure of the contested disciplinary charge. "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). To obtain injunctive relief, Plaintiff must establish: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the non-movant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). Plaintiff "must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted." *Id.* If Plaintiff fails to satisfy any one of the four factors, injunctive relief will not issue. *See, e.g., May v. Wells Fargo Home Mortg.*, No. 3:12-CV-4597-D, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013).

Whether to grant preliminary injunctive relief "is within the discretion of the court, but it is an extraordinary remedy that should only be granted if the movant has clearly carried its burden." *John Crane Prod. Sols., Inc. v. R2R & D, LLC*, 861 F. Supp. 2d 792, 794 (N.D. Tex. 2012). The decision to grant injunctive relief "is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

**B.      Plaintiff Does Not Show a Substantial Likelihood of Success on the Merits.**

Plaintiff's Motions fail at the outset because he cannot show a substantial likelihood of success on the merits of his claims.[1] Allegations of inadequate processing of a grievance do not give rise to a constitutional violation. An inmate "does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As this claim relies on a legally nonexistent interest, any alleged due-process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D. Tex. March 15, 2002) ("An inmate does not have a constitutional entitlement to a grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation")(citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) and *Antonelli v. Sheahan*, 81 F.3d 1422 (7th Cir. 1996)). Thus, Plaintiff has not shown a substantial likelihood that he will succeed on the merits of his claim that Defendants violated his civil rights by failing to respond properly to the grievance at issue herein.[2]

Even assuming that the underlying disciplinary charge is unfounded, disclosure of such allegedly improper charge to the parole board also does not violate Plaintiff's constitutional rights, because he has no constitutional right to parole. Under Texas law, prisoners may become eligible

---

[1]Although his RLUIPA claim is not addressed the Motions, the Court finds that Plaintiff also has not alleged facts showing his entitlement to relief under RLUIPA in his Amended Complaint due to the complete absence of factual allegations supporting this assertion.

[2]To the extent the Court construes Plaintiff's Complaint and Amended Complaint together out of an abundance of deference to Plaintiff's *pro se* status, it appears the Complaint's allegations regarding the impropriety of the prison disciplinary charge would be barred by *Heck v. Humphrey* since the charge apparently has not been overturned. A state prisoner's § 1983 action "is barred (absent prior invalidation)— no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

for release either on parole or under a mandatory supervised release program. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). "Parole" is the "discretionary and conditional release of an eligible prisoner ... [who] may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Id.* Because it is entirely speculative whether a prisoner will be released on parole, "there is no constitutional expectancy of parole in Texas." *Id.* at 768. *See also Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) ("It follows that because Orellana has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."; *Mayabb v. Johnson*, 168 F.3d 863, 871 (5th Cir. 1999) ("We also find that Mayabb has no constitutional right to parole."). Therefore, any detrimental effect caused by consideration of the allegedly improper disciplinary proceeding cannot support a constitutional claim because Plaintiff has no constitutional right to parole.

Therefore, because Plaintiff has no constitutional right to a grievance procedure and no constitutional right to parole, he cannot show that he has a substantial likelihood of success on the merits of his claims such that injunctive relief would be proper. Because Plaintiff fails to meet the first requirement for injunctive relief, the Court need not consider the remaining three elements. *See May v. Wells Fargo*, 2013 WL at *1.

## RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge hereby recommends that Plaintiff's Motion for an Order to Show Cause for a Preliminary Injunction (ECF 32) and Request for a Temporary Restraining Order (ECF 51) be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 13, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).