IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THEOTIS LEE HODGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-200-Z-BR |
| | § | |
| D. ZIMMERMAN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DISMISS AMENDED COMPLAINT AGAINST DEFENDANT J. RILLEY**

Before the Court is the Amended Complaint (ECF 30) filed by Plaintiff Theotis Lee Hodge ("Hodge") against Defendant J. Rilley ("Rilley"), alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. Hodge filed this lawsuit *pro se* while a prisoner at the Allred Unit of the Texas Department of Criminal Justice ("TDCJ"), and has been granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Hodge's Amended Complaint, which only states claims against Rilley, be DISMISSED under 28 U.S.C. §§ 1915 and 1915A.

Given Hodge's *pro se* status, the Court has liberally construed the Amended Complaint as a supplement to Hodge's initial Complaint, rather than a true amendment that would supersede all claims against the ten remaining Defendants who are referenced in his initial Complaint. As such, the findings, conclusions and recommendations set forth herein do not affect the claims alleged in Hodge's initial Complaint.

**I. STANDARD OF REVIEW**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a

government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

A.  **Factual Background.**[1]

In October 2022, Hodge filed his Amended Complaint, alleging that Rilley violated his due process rights by not following TDCJ regulations in addressing grievances Hodge filed while incarcerated at the Clements Unit. The grievances apparently are based on a disciplinary charge that Hodge contends is unfounded. He also states in his Amended Complaint that he seeks to assert a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") but does not allege any facts supporting this cause of action. For the reasons stated below, the Amended Complaint should be dismissed as frivolous.

B.  **Hodge's Grievance-Based Claims.**

Rilley, Hodge alleges, is the central grievance officer of TDCJ. (ECF 30 at 6). Hodge alleges that Rilley violated Hodge's due process rights by exhibiting "indifference" regarding TDCJ's grievance procedures and by not responding to Hodge's Step 2 grievances in a timely manner. Rilley's delayed responses, Hodge alleges, violate Hodge's due process rights. (*Id.*).

Hodge's allegations related to the grievance process fail to state a claim because there is no constitutionally protected right to a prison grievance system, and the fact that a grievance was not investigated timely or resolved to Hodge's satisfaction does not implicate any constitutionally protected rights. *See Schwarzer v. Wainright*, 810 F. App'x 358, 360 (5th Cir. 2020) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Geiger*, 404 F.3d at 374 (holding that prisoners do not have a federally protected liberty interest in having grievances resolved to their satisfaction); *Alexander v. Tex. Dep't of Crim. Just.*, 951 F.3d 236, 240 (5th Cir. 2020) (affirming trial court's dismissal of

---

[1]These background facts are taken from Hodge's Amended Complaint (ECF 30) and are assumed to be true for the purpose of evaluating the merits of Hodge's causes of action.

3

inmate's claim that his grievances were mishandled or improperly denied, as prisoners have no due-process rights in the inmate grievance process); *Grogan v. Kumar*, 873 F.3d 273, 280 (5th Cir. 2017) ("[I]t is well established that prisoners have no due process rights in the inmate grievance process.") (citation omitted); *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that plaintiff had no actionable Section 1983 claim based on prison officials' failure to process his grievances); *Edmond v. Martin*, 100 F.3d 952, 1996 WL 625331, at *1 (5th Cir. 1996) (per curiam) (holding that inmate's claim that defendant's failure to investigate his grievance "raises no constitutional issue"); *Jenkins v. Henslee*, No. 3-01-CV-1996-R, 2002 WL 432948, at *2 (N.D. Tex. March 15, 2002) ("An inmate does not have a constitutional entitlement to [a] grievance procedure. Hence any alleged violation of the grievance procedure does not amount to a constitutional violation.") "Insofar as [the inmate] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous." *Geiger*, 404 F.3d at 374-5.

Hodge's claim against Rilley based on alleged mishandling of Hodge's grievances state no constitutional violation. Accordingly, such claim should be dismissed as frivolous.

**C.     Hodge's RLUIPA Claim.**

Hodge's Amended Complaint states that he "seeks to raise [a] claim under the Religious Land Use and Institutionalized Persons Act" ("RLUIPA"). (ECF 30 at 4). He alleges no facts showing how Rilley, or any other Defendant, violated his RLUIPA rights. RLUIPA provides, in relevant part, that:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—
>
>     (A) is in furtherance of a compelling governmental interest; and

4

>    (B) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). RLUIPA defines "religious exercise" broadly to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

RLUIPA, however, does not provide a cause of action for individual capacity claims. *Jones v. Alfred*, 353 F. App'x 949, 951 (5th Cir. 2009); *Copeland v. Livingston*, 464 F. App'x 326, 330 (5th Cir. 2012) (unpublished) (explaining that "RLUIPA does not create a private right of action against individuals for damages"). Therefore, any RLUIPA claim against Rilley in his individual capacity, as a matter of law, does not state a claim and should be dismissed as frivolous. Assuming for the purpose of screening that Hodge is suing Rilley in his official capacity and as an agent of TDCJ, the question becomes whether Hodge has stated a claim under RLUIPA against TDCJ.

Under RLUIPA, the plaintiff has the initial burden to show that the challenged law, regulation, or practice substantially burdens the exercise of his religion. *Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004) ("Initially, it falls to the plaintiff to demonstrate that the government practice complained of imposes a substantial burden on his religious exercise."). While the statute does not define "substantial burden," the Fifth Circuit defined the term as follows:

> [A] government action or regulation creates a "substantial burden" on religious exercise if it truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs.... [T]he effect of a government action or regulation is significant when it either (1) influences the adherent to act in a way that violates his religious beliefs, or (2) forces the adherent to choose between, on the one hand, enjoying some generally available, non-trivial benefit, and, on the other hand, following is religious beliefs.

*Mayfield v. Tex. Dep't of Crim. Just.*, 529 F.3d 599, 613 (5th Cir. 2008) (citing *Adkins*, 393 F.3d at 570). Hodge's claim fails at the outset because he has not alleged that Rilley's actions created a "substantial burden" on his religious exercise, *i.e.*, he does not allege that he was pressured "to

5

significantly modify his religious behavior and significantly violate his religious beliefs" by Rilley. *Id.* He also fails to allege that he was unable to practice his religion due to Rilley's actions.

In addition, RLUIPA creates a private right of action solely for injunctive and declaratory relief, which Hodge does not seek in connection with his RLUIPA claims, as set forth below. *See Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009), *aff'd sub. nom., Sossamon v. Texas*, 563 U.S. 277 (2011). The Fifth Circuit has made clear that monetary damages are not available for claims against state officials under RLUIPA. *DeMoss v. Crain*, 636 F.3d 145, 151 (5th Cir. 2011) ("RLUIPA does not create a cause of action for damages against [the defendants] in their official capacities…") (quotation omitted). Because Hodge seeks only compensatory damages in connection with his RLUIPA claim, the RLUIPA claim should be dismissed against Rilley in his official capacity.

D.  **Hodge's Request for Damages.**

  1.  **Compensatory Damages.**

Under the PLRA, no "[f]ederal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Fifth Circuit has held that this requirement "applies to all federal civil actions in which a prisoner alleges a constitutional violation." *Geiger*, 404 F.3d at 375. The application of Section 1997e(e) is based on "the relief sought, and not the underlying substantive violation." *Id.*; *see also Mayfield*, 529 F.3d at 605 ("We have held that the application of [Section 1997e(e)] ... turns on the relief sought by a prisoner, and that it prevents prisoners from seeking compensatory damages for violations of federal law where no physical injury is alleged.").

Hodge does not allege that he suffered any physical injuries in connection with his claims.

6

(ECF 30 at 4-6). Because he does not allege physical injury, he is not entitled to recover the compensatory damages he seeks. *See Hill v. Fagan*, No. 1:16-CV-185-BL, 2018 WL 3244617, at *3 (N.D. Tex. June 4, 2018) (recommending dismissal of prisoner's claim for compensatory damages against defendant because prisoner failed to allege a physical injury arising from the purported due process violation), *R. & R. adopted by* 2018 WL 3242274 (N.D. Tex. July 3, 2018). Hodge's claim for compensatory damages should be dismissed.

### 2. Punitive Damages.

The Fifth Circuit has "recognized that a prisoner can, absent a showing of physical injury, pursue punitive or nominal damages based upon a violation of his constitutional rights." *Mayfield*, 529 F.3d at 606 (citing *Hutchins v. McDaniels*, 512 F.3d 193, 197-98 (5th Cir. 2007) (per curiam)). Punitive damages, however, "may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights." *Williams v. Kaufman Cnty.*, 352 F.3d 994, 1015 (5th Cir. 2003) (quoting *Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994)) (internal quotation omitted). Hodge has alleged no facts indicating that Rilley acted with evil intent or reckless indifference in relation to any of Hodge's claims. *See McKnight v. MTC*, No. 3:15-CV-1647-K-BK, 2015 WL 7730995, at *2 (N.D. Tex. Nov. 9, 2015) (recommending a request for punitive damages under Section 1983 be dismissed because the plaintiff failed to allege facts demonstrating the defendant's conduct was "motivated by evil intent" or demonstrated "reckless or callous indifference" to the plaintiff's constitutional rights), *R. & R. adopted*, No. 3:15-CV-01647-K, 2015 WL 7735910 (N.D. Tex. Nov. 30, 2015). As shown above, Hodge's claims against Rilley, if true, do not rise to the level of a constitutional violation. As a result, his request for punitive damages should be dismissed.

### 3. Declaratory and Injunctive Relief.

Hodge also seeks "a declaration that the acts and omissions described [in his Complaint] violate[d] his rights under the U.S. Constitution and laws of the United States' Constitutional Amendment at issue." (ECF 30 at 6-7). In addition, Hodge seeks a "preliminary or permanent injunction" ordering Rilley to either adhere to TDCJ policy AD-03.82, Management of Inmate Grievances, or to amend the policy to reflect that any delay in processing all future grievances must be an exhaustion of administrative remedies. (*Id*. at 7). Hodge's requests for equitable relief against Rilley fail.

When seeking injunctive or declaratory relief, a plaintiff must allege facts evincing "a substantial and continuing controversy between two adverse parties ... [that is] real and immediate, and create[s] a definite, rather than speculative threat of future injury." *Bauer v. Texas*, 341 F.3d 352, 358 (th Cir. 2003). "Past exposure to illegal conduct does not in itself show a present case or controversy ... if unaccompanied by any continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). Rather, "[t]o obtain [declaratory or injunctive] relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Id.; see Serafine v. Crump*, 800 F. App'x 234, 236 (5th Cir. 2020) (per curiam) (observing that, although *Lyons* addressed injunctive relief, its "reasoning applies equally to declaratory relief"). Where the declaratory or injunctive relief is premised on *past* acts, a plaintiff must establish "either continuing harm or a real and immediate threat of repeated injury in the future." *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). "The threat of future injury must be 'certainly impending'; mere '[a]llegations of *possible* future injury' do not suffice." *Adams v. Pearl River Valley Water Supply Dist.*, No. 21-60749, 2022 WL 2829756, at *3 (5th Cir. July 20, 2022) (per curiam) (quoting *Clapper v. Amnesty Int'l USA*, 568

U.S. 398, 409 (2013)).

Here, Hodge asks the Court to declare as unlawful *past* conduct by Rilley—thus, he is entitled to declaratory relief only if he has pleaded facts showing a continuing harm or immediate threat of repeated harm. *Herman*, 959 F.2d at 1285. He has not. Nor has he alleged a substantial threat of future injury such that he is entitled to injunctive relief. Further, as shown above, Hodge has failed to allege facts stating any violation whatsoever by Rilley to support any equitable relief. Accordingly, Hodge's requests for declaratory and injunctive relief should be dismissed as frivolous.

### E. Leave to Amend.

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster*, 587 F.3d at 767-68. The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pled his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Leave to amend would be futile because Hodge cannot overcome the lack of personal injury resulting from Rilley's actions, which is required under the PLRA for his claim for compensatory damages to proceed. In addition, Hodge's "best case" against Rilley is frivolous because he has no constitutional right to a grievance process. Further, amending his RLUIPA claim would be futile because he solely seeks compensatory damages in connection with the claim, and such are unavailable under RLUIPA, even if Hodge had pleaded a viable RLUIPA violation. Hodge has pleaded his best case against Rilley and stated no valid claim; therefore, leave to amend is unnecessary.

### RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Hodge's claims against

Rilley should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED March 6, 2025.

*[signature]*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).