IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THEOTIS LEE HODGE, | § | |
| TDCJ-CID No. 00504582, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-200-Z-BR |
| | § | |
| D. ZIMMERMAN, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (the "Motion") filed by Defendants Dustin Zimmerman, James Judd, Jaime Villegas, Stephanie Patton, Justin Perez, Vickie Brown, Amy Garcia, Angelique Turner, Kim Massey and Timothy Hooper. (ECF 92). For the reasons stated herein, the Magistrate Judge recommends that the Motion be GRANTED.

## I. Factual Background

Plaintiff Theotis Lee Hodge ("Hodge"), a prisoner at the Clements Unit of the Texas Department of Criminal Justice ("TDCJ"), alleges that his constitutional rights were violated when he was charged with a Code 10 disciplinary violation for possessing knowledge of a prohibited item—a cell phone—within the unit. (ECF 3 at 6).[1] He received the disciplinary charge on October 29, 2021, and the charge was heard on November 22, 2021. (*Id.* at 9). Hodge's claims in this case arise from the disciplinary hearing and his efforts to get his disciplinary conviction vacated.

Specifically, Hodge alleges that Defendant Dustin Zimmerman ("Zimmerman") gave him

---

[1] Page citations to Hodge's Complaint refer to the electronic page number assigned by the Court's electronic filing system.

inadequate notice, pursuant to TDCJ policy, of the disciplinary charge against him. (*Id.* at 6). He further claims that his first acting counsel representative, Justin Perez ("Perez"), failed to adequately advise him properly, failed to ensure that he understood the charges, and failed to interview relevant witnesses. (*Id.* at 7-8). He claims that his disciplinary hearing officer, James Judd ("Judd"), violated his due process rights by failing to provide adequate notice of the disciplinary charge under the requirements of Code 10, and did not allow him an opportunity to present evidence at the hearing, including the testimony of his cellmate. (*Id*. at 9-11). Hodge claims that Defendant Vickie Brown ("Brown"), who replaced Perez as his representative, provided inadequate assistance at his disciplinary hearing. (*Id*. at 12-13). Hodge sues Jaime Villegas ("Villegas") because, Hodge claims, prison policy bars the officer who completed the disciplinary report at issue from being on the disciplinary hearing committee. (*Id*. at 13-14). He also sues Amy Garcia ("Garcia") as a member of the unit classification committee for violating his due process rights in the disciplinary hearing and for failing to prevent Villegas from violating his rights. (*Id*. at 16-18).

Ultimately, Hodge was found guilty at his disciplinary hearing and was assessed punishments, including loss of good-time credits, that he claims impacted his right to a parole review hearing. (*Id*. at 21; ECF 94 at 12). Hodge sues Defendants Stephanie Patton ("Patton"), Angelique Turner ("Turner") and Timothy Hooper ("Hooper") for violating his due process rights in denying the grievances he filed seeking redress from his disciplinary hearing. (*Id*. at 16-19, 22). Lastly, he sues Kim Massey ("Massey") as the supervisor of state classification and records for disregarding his request for an inquiry into his disciplinary hearing. (*Id*. at 21-22).

Defendants filed this Motion, alleging that they are entitled to qualified immunity because Hodge's claims are barred and, as a result, he has failed to state a constitutional violation as a

matter of law. (ECF 92). Hodge did not respond to the Motion.

## II. SUMMARY JUDGMENT STANDARD

**A.     Summary Judgment is Proper if No Genuine Dispute as to Any Material Fact.**

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must resolve all reasonable doubts in favor of the party opposing the motion. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The movant has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Anderson,* 477 U.S. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The nonmovant then must provide affirmative evidence to defeat summary judgment. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor...unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Comput. Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). The Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider

all evidence but must not make any credibility determinations or weigh the evidence. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

Because he proceeds *pro se*, Hodge's pleadings are held to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed") (quotation omitted). Nevertheless, *pro se* parties must "still comply with the rules of procedure and make arguments capable of withstanding summary judgment." *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. Nov. 10, 1999); *Yazdchi v. Am. Honda Fin. Corp.*, 217 F. App'x 299, 304 (5th Cir. 2007) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.") (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991)).

**B.     Hodge's Failure to Respond is Not Dispositive.**

When a nonmoving party does not file a response to a motion for summary judgment, the failure to respond "does not permit the court to enter a 'default' summary judgment." *Boyd v. Fam. Dollar Stores of Texas, LLC*, No. 3:22-cv-1368-D, 2023 WL 4141052, at *1 (N.D. Tex. June 22, 2023). As the United States Court of Appeals for the Fifth Circuit has explained:

> [a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *John v. La. (Bd. of Trustees) for State Colleges & Universities*, 757 F.2d 698, 709 (5th Cir. 1985). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Id*. at 708. Therefore, if the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error.

*Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 & n.3 (5th Cir. 1995) (*citing Hibernia*). Moreover, Rule 56(e) of the Federal Rules of Civil Procedure provides that:

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Therefore, Defendants still must provide sufficient evidence upon which the Court may base a summary judgment. Failure to do so requires the Court to deny the Motion, even if it is unopposed.

### C. Defendants' Qualified Immunity Defense Alters the Burden of Proof.

Defendants move for summary judgment on their affirmative defense of qualified immunity. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Argueta v. Jaradi*, 86 F.4th 1084, 1088 (5th Cir. 2023) (citing *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)). Once an officer pleads qualified immunity, the plaintiff has the burden to establish that the officer violated the plaintiff's clearly established federal rights. *Argueta*, 86 F.4th at 1088 (citing *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005)). "This is a demanding standard." *Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1517 (2016). Because qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law, … we do not deny its protection unless existing precedent places the constitutional question beyond debate." *Argueta*, 86 F.4th at 1088 (internal citation omitted).

A qualified immunity defense alters the usual summary judgment burden of proof. *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). "Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id*. To trigger the qualified-immunity framework, however, the government official must "satisfy his burden of

5

establishing that the challenged conduct was within the scope of his discretionary authority." *Sweetin v. City of Texas City*, 48 F.4th 387, 392 (5th Cir. 2022) (quoting *Cherry Knoll, L.L.C. v. Jones*, 922 F.3d 309, 318 (5th Cir. 2019)). For example, in *Sweetin,* the Fifth Circuit held this "oft-overlooked threshold requirement" was dispositive "because state law does not give a permit officer the authority to conduct stops of any kind." *Sweetin,* 48 F.4th at 392. In this case, however, Hodge does not dispute that Defendants were acting within the scope of their duties.

To determine if an official acting within the scope of his or her duties is entitled to qualified immunity, courts conduct a two-step analysis. First, they examine whether the plaintiff has shown a violation of a constitutional right under current law. *Bevill v. Fletcher*, 26 F.4th 270, 275 (5th Cir. 2022) (quoting *Benfield v. Magee*, 945 F.3d 333, 337 (5th Cir. 2019)). Second, if a violation has occurred, courts determine whether the right in question was "clearly established" at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct. *Id.* In short, an officer is entitled to qualified immunity "if there is no violation, or if the conduct did not violate law clearly established at the time." *Bailey v. Iles*, No. 22-30509, 2023 WL 8062239 at *2 (5th Cir. Nov. 21, 2023). Courts have the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

### III. LEGAL ANALYSIS

The first question before the Court is whether Hodge has established a genuine fact issue regarding whether any of Defendants' allegedly wrongful conduct violated Hodge's constitutional rights. As shown herein, the Court concludes that he has not.

**A.    Hodge's Claims Arising From His Disciplinary Proceedings Are Barred.**

Hodge alleges that Defendants Zimmerman, Perez, Judd, Brown, Villegas and Garcia

6

violated his substantive and procedural due process rights in conducting his disciplinary hearing that resulted in convicting him for a violation that he claims he did not commit. However, Hodge's claims arising from his disciplinary conviction are barred at this time.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a convicted criminal may not bring a claim under 42 U.S.C. § 1983 if success on that claim would necessarily imply the invalidity of a prior criminal conviction. Courts do not allow the use of Section 1983 to collaterally attack a prior criminal proceeding, "out of concern for finality and consistency." *Aucoin v. Cupil*, 958 F.3d 379, 380-81 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 567 (2020). In short, *Heck* prohibits suit under Section 1983 if success on the claim would necessarily imply that a prior conviction or sentence is invalid. *Heck*, 512 U.S. at 486-87. *Heck* applies to disciplinary proceedings that affect the duration of a prisoner's sentence. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) ("A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits.") (citing *Edwards v. Balisok*, 520 U.S. 641, 645 (1997)). "The inquiry is 'fact intensive' and dependent on the precise nature of the disciplinary offense." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

The fact that Hodge does not challenge the loss of his good-time credits is not relevant to this analysis. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [a plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit."). A claim is barred by *Heck* if the plaintiff's factual allegations supporting the claim are necessarily inconsistent with the validity of the conviction. *See, e.g.*, *Bush*, 513 F.3d at 497; *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656-57 (5th Cir. 2007). A claim and a conviction may co-exist, however, if they are "temporally and conceptually distinct." *Poole v. City of Shreveport*, 13 F.4th

420, 426-27 (5th Cir. 2021). Therefore, the Court must conduct the "fact-intensive" analysis to determine whether Hodge's claims are inconsistent with his disciplinary conviction.

All of Hodge's claims arise from his disciplinary hearing, his conviction and his failure to overturn the conviction through the prison grievance system. (ECF 3). The factual account in Hodge's Complaint is directly contradictory to the facts supporting his disciplinary conviction. He claims to be innocent of the charge; he states that the cellphone in question belonged to his cellmate, not to him, and that the cellmate would have so testified if asked. (*Id*. at 10). He further states that the cellmate would have testified that Hodge had no knowledge of the cell phone. (*Id*. at 10-11). When a plaintiff's Section 1983 claim "is based solely on his assertions that he ... did nothing wrong, and was attacked by the [] officers for no reason," that suit "squarely challenges the factual determination that underlies his conviction" and is necessarily at odds with the conviction. *Aucoin*, 958 F.3d at 383 (quoting *Walker v. Munsell*, 281 F. App'x 388, 390 (5th Cir. 2008) (per curiam)). That is true regardless of a civil claim's "theoretical compatibility" with the conviction. *Daigre v. City of Waveland*, 549 F. App'x 283, 286 (5th Cir. 2013) (quoting *Bush*, 513 F.3d at 498 n.14); *see also Thomas v. Pohlmann*, 681 F. App'x 401, 407 (5th Cir. 2017) (citing with approval *Daigre* and *DeLeon*).

The undisputed evidence shows that Hodge's disciplinary conviction and his Section 1983 claims are not "temporally and conceptually distinct" such that they may co-exist, because they directly contradict each other. *See Poole*, 13 F.4th at 426-27. As a result, *Heck* bars Hodge's claims unless he shows that the disciplinary conviction has been invalidated. *Heck*, 512 U.S. at 487. Absent such a showing, a *Heck*-barred claim must be "dismissed with prejudice to [its] being asserted again until the *Heck* conditions are met." *DeLeon*, 488 F.3d at 657 (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)). There is no evidence before the Court showing that

Hodge's disciplinary conviction has been invalidated. Therefore, Hodge's claims are barred by *Heck*, and his claims arising from his disciplinary conviction should be dismissed with prejudice until the *Heck* conditions are met. Because Hodge has not stated a constitutional violation as a matter of law, these six Defendants are entitled to qualified immunity.

**B.     Hodge's Claims Arising From His Grievance Process Are Barred.**

Similarly, Hodge's claims against Patton, Turner, Hooper and Massey that his substantive and procedural due process rights were violated during his grievance process also are barred by *Heck*. A judgment that Defendants improperly denied Hodge's grievances about his disciplinary conviction would "necessarily imply" the invalidity of Hodge's disciplinary conviction and affect the length of his confinement. *Edwards*, 520 U.S. at 644, 646. Hodge asks this Court to find that the procedures used in denying his grievances violated his due process rights. The relief Hodge seeks would necessarily imply the invalidity of the conviction in the disciplinary proceeding. *See Branum v. Clayborne*, No. H-05-0229, 2007 WL 9758433 (S.D. Tex. Apr. 9, 2007) (*Heck* bars claim that officers provided false testimony during disciplinary hearing). Because Hodge has not stated a constitutional violation as a matter of law, these four Defendants are entitled to qualified immunity. Hodge's claims arising from the grievance process are barred by *Heck* and should be dismissed with prejudice until the *Heck* requirements are met.

**C.     Hodge Does Not Overcome the Second Prong of the Qualified Immunity Analysis.**

Even assuming that Defendants' conduct resulted in a violation of Hodge's constitutional rights, their conduct was objectively reasonable in light of clearly established law. "A clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (internal quotation omitted). There are two ways for a plaintiff to demonstrate that a defendant's

conduct violated clearly established law. *Batyukova v. Doege,* 994 F.3d 717, 726 (5th Cir. 2021). Under the first, more typical approach, the plaintiff must "identify a case" or "body of relevant case law" in which "an officer acting under similar circumstances ... was held to have violated the [Constitution]." *Id*. While there need not be a case directly on point, the unlawfulness of the challenged conduct must be beyond debate. *Id.* Under the second approach, there can be the rare "obvious case," where the unlawfulness of the officer's conduct is so egregious that it is sufficiently clear although existing precedent does not address similar factual circumstances. *See Batyukova*, 994 F.3d at 726 (citing *Dist. of Columbia v. Wesby*, 538 U.S. 48, 65 (2018)); *see also Brosseau v. Haugen*, 543 U.S. 194, 199 (2004).

"In determining what constitutes clearly established law, [the Fifth Circuit] looks to Supreme Court precedent and then to [its] own." *Hicks v. LeBlanc*, 81 F.4th 497, 503 (5th Cir. 2023), (quoting *Shumpert v. City of Tupelo*, 905 F.3d 310, 320 (5th Cir. 2018)). When there is no direct controlling authority, "[the Fifth Circuit] may rely on decisions from other circuits to the extent that they constitute a robust consensus of cases of persuasive authority." *Id.* "It is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Rich v. Palko*, 920 F.3d 288, 294 (5th Cir. 2019).

This is not the rare "obvious case" in which the unlawfulness of the officer's conduct is so egregious that it is sufficiently clear such actions violate a prisoner's rights. Further, Hodge provided no case law in response to the Motion that supports his position. Thus, he failed to meet his burden to show that Defendants should have known that their conduct violated clearly established law.

**D.     Defendants are Entitled to Qualified Immunity.**

For the reasons stated above, Hodge failed to provide sufficient evidence to create a fact issue as to Defendants' entitlement to qualified immunity. Specifically, Hodge failed to create a material fact issue as to whether Defendants' conduct violated his constitutional rights. Further, Hodge failed to create a material fact issue as to whether Defendants' conduct violated Hodge's clearly established rights. Defendants' motion for summary judgment on qualified immunity should be granted.

## RECOMMENDATION

For the reasons set forth above, the U.S. Magistrate Judge recommends that Defendants' Motion For Summary Judgment be GRANTED. Specifically, Hodge's *Heck*-barred claims should be dismissed with prejudice until the conditions of *Heck* are met.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 8, 2025.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).