IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| THEOTIS LEE HODGE, TDCJ-CID No. 00504582, <br><br> Plaintiff, <br><br> v. <br><br> D. ZIMMERMAN, *et al.*, <br><br> Defendants. | 2:22-CV-200-Z-BR |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Objection[1] (ECF No. 102), filed April 17, 2025, to the Magistrate Judge's Findings, Conclusions, and Recommendation ("FCR") (ECF No. 101) to grant the Defendants' Motion for Summary Judgment.

After considering the Magistrate Judge's FCR, the relevant law, and the briefing, the Court **OVERRULES** Plaintiff's Objection (ECF No. 102) and **ADOPTS** the Magistrate Judge's FCR (ECF No. 101). Accordingly, Defendants' Motion for Summary Judgment (ECF No. 92) is hereby **GRANTED**.

**BACKGROUND**

Plaintiff's Complaint arises from a Code 10 disciplinary violation, charging Plaintiff for "possessing knowledge of a prohibited item—a cell phone—within the unit." ECF No. 101 at 1. Plaintiff's claims arise from the disciplinary hearing and his attempts to vacate the resulting conviction. *Id.* Defendants Dustin Zimmerman, James Judd, Jaime Villegas, Stephanie Patton, Justin Perez, Vickie Brown, Amy Garcia, Angelique Turner, Kim Massey

---

[1] Plaintiff's filing is styled as a "Motion in Opposition to Defendants' Summary Judgment." ECF No. 102. However, the 21-day deadline for Plaintiff to file a response to Defendant' Motion for Summary Judgment—filed February 19, 2025—has passed. Thus, the Court construes ECF No. 102 as an Objection to the Magistrate Judge's FCR.

and Timothy Hooper filed a Motion for Summary Judgment on February 19, 2025, asserting the affirmative defense of qualified immunity. ECF No. 92.

The Magistrate Judge's FCR concluded that (1) *Heck v. Humphrey* bars Plaintiff's claims arising from his disciplinary conviction, which contradict his Section 1983 claims and require dismissal with prejudice until the *Heck* conditions are met; (2) *Heck* also bars Plaintiff's claims arising from the grievance process; and (3) Plaintiff failed to meet his burden to show that Defendants should have known that their conduct violated clearly established law, failing to create a fact issue as to Defendants' entitlement to qualified immunity. *See* ECF No. 101 at 6–11; *Heck v. Humphrey*, 512 U.S. 477 (1994).

LEGAL STANDARD

I. Review of a Magistrate Judge's Findings, Conclusions, and Recommendations

A party may serve and file objections to a non-dispositive magistrate judge's order "within 14 days after being served with a copy." FED. R. CIV. P. 72(a). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). In that event, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* A magistrate judge's order is "clearly erroneous" if "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). And an order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., LLC v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002) (citation omitted).

## II. Motions for Summary Judgment

Summary judgment is appropriate if the movant shows there is no genuine dispute of material fact, and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating both. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### ANALYSIS

Objections to the Magistrate Judge's FCR must be "specific" and "put the district court on notice of the urged error." *Williams v. K&B Equip. Co.*, 724 F.2d 508, 511 (5th Cir. 1984). Where a party objecting to the FCR fails to assert specific objections, the district court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Just so here, as Plaintiff merely rehashes the information previously set forth in his Complaint. *See* ECF No. 102 (reiterating arguments that he is innocent of the charge, that the cellphone belonged to his cellmate and not to him, that he received inadequate notice of the charge against him, and the like). Plaintiff also argues that *Heck v. Humphrey* "does not apply to this suit," but fails to provide any support for this conclusive allegation outside of this single sentence. ECF No. 102. As the Magistrate Judge correctly stated, *Heck* bars claims under Section 1983 if success on that claim would imply that a prior conviction or sentence is invalid—this principle applies to disciplinary proceedings that affect the duration of a prisoner's sentence, which includes the loss of good-time credits. ECF No. 101 at 7 (quoting *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)). All of Plaintiff's claims arise from his disciplinary hearing, the resulting conviction, and his failure to overturn this conviction

through the prison grievance system; further, Plaintiff's factual account directly contradicts the facts underlying his disciplinary conviction. ECF Nos. 3 at 10, 101 at 7–8. For the foregoing reasons, and because Plaintiff has failed to show that his disciplinary conviction has been invalidated, *Heck* squarely applies to the instant suit. *See* ECF No. 102 ("[T]his [disciplinary] charge is still in Plaintiff's records and has a continuing effect. . . ."). Plaintiff's statements do not indicate that the Magistrate's FCR was clearly erroneous or contrary to law—accordingly, Plaintiff's Objection is overruled.

CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 102) and **ADOPTS** the Magistrate Judge's FCR (ECF No. 101). Accordingly, Defendants' Motion for Summary Judgment (ECF No. 92) is hereby **GRANTED**.

**SO ORDERED.**

April 25, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE